NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2085
_____

JENNIE NICASSIO,

Appellant

v.

VIACOM INTERNATIONAL, INC.;
PENGUIN RANDOM HOUSE LLC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-17-cv-00805)
Honorable Nora B. Fischer, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 13, 2019

BEFORE:  HARDIMAN, SCIRICA, and COWEN, Circuit Judges

(Filed: July 2, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Jennie Nicassio appeals from the order of the United States District Court for the Western District of Pennsylvania granting the motion to dismiss for failure to state a claim filed by Viacom International, Inc. ("Viacom") and Penguin Random House LLC ("Penguin"). We will affirm.

I.

Nicassio is the author of an illustrated children's book entitled Rocky: The Rockefeller Christmas Tree ("Rocky"). She copyrighted this work, "which is the story of a young Christmas tree that dreams of becoming the Rockefeller Center Christmas tree in New York City." Nicassio v. Viacom Int'l, Inc., 309 F. Supp. 3d 381, 385 (W.D. Pa. 2018) (citing A1, A3). Penguin subsequently published Albert: The Little Tree with Big Dreams ("Albert"). "Nicassio claims that Albert mirrors the story of Rocky, as it too 'tells the tale of a young Christmas tree that wishes to one-day stand in a big city' and otherwise 'contains substantial material copied from' Rocky." Id. (quoting A5). Viacom released an animated version of Albert, which allegedly also contains substantial copied material.

Nicassio filed this action against Viacom and Penguin (collectively "Appellees"). She asserted, inter alia, claims of copyright infringement, and Appellees filed a joint motion to dismiss. The District Court granted their motion and dismissed Nicassio's complaint with prejudice.

The District Court considered at some length the "dispositive issue" of "whether there are 'substantial similarities' between Rocky and Albert." Id. at 387-88 (citing Dam

Things from Denmark v. Russ Berrie & Co., Inc., 290 F.3d 548, 561 (3d Cir. 2002)). It recognized that an author can protect only the expression of an idea—and not the idea itself. Under the *scènes à faire* doctrine, situations and incidents that naturally (and not just necessarily) flow from the basic plot premise also are not protected. After summarizing the respective works and examining their purported similarities and differences, the District Court determined that Rocky and Albert are not substantially similar as a matter of law:

> Regardless of whether the basic plot idea of a little tree aspiring to be the Rockefeller Christmas Tree in New York is "commonplace," it is far too generic to be considered protectable under copyright law. [Tanikumi v. Walt Disney Co., 616 F. App'x 515, 521 (3d Cir. 2015)] (generic plot and theme ideas are not protectable). Nor are the themes of perseverance, adversity, or encouragement in a children's story protectable. See, e.g. [Cavalier v. Random House, Inc., 297 F.3d 815, 828 (9th Cir. 2002)] ("The themes of teaching children to have confidence, to overcome their fears, and to try are . . . too general to be protected."). As such, Nicassio cannot circumvent dismissal by conjuring up a host of hypothetical ways that Defendants could have told Albert differently, such as by using other characters, themes, or expressions. ([A161-A164]). This tactic ignores the fundamental rule that not all copying is copyright infringement, Feist Pub., Inc. v. Rural Tel. Svc. Co., [499 U.S. 340, 361 (1991)], and "fails to address the underlying issue: whether a lay observer would consider the works as a whole substantially similar to one another.'" [Williams v. Crichton, 84 F.3d 581, 590 (2d Cir. 1996)].

Id. at 393 (footnote omitted). While acknowledging that both works share the same basic story concept and theme (i.e., that anything can be accomplished with perseverance and positive thinking), the District Court pointed out that Albert explores other themes (including the importance of family, empathy, and forgiveness) by using different plot twists, sequences and expressions. Likewise, the District Court observed that the respective characters are not substantially similar.

3

In the end, the District Court explained that, despite some similarities, Nicassio failed to state a claim for copyright infringement against Appellees:

> The Court acknowledges some similarity between the works as identified by Nicassio, including, most notably their use of the phrase: "the most famous Christmas tree in the world," and having the trees displayed before a large crowd in a setting resembling Rockefeller Center in New York City. ([A5-A6, A8]). Nevertheless, these similarities are, at most, a "random scattershot" of various aspects of the works which "would be expected when two works express the same idea or explore the same theme." Williams, 84 F.3d at 590; [Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 208 (3d Cir. 2005)]. Even if, as Nicassio insists, the identified similarities are not "indispensable" to conveying this basic theme, the works' "total concept and overall feel . . . as instructed by good eyes and common sense" would not lead a lay observer to conclude that Defendants' alleged copying, if proven, was of protectable aspects of Rocky. [Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 66 (2d Cir. 2010)]; Dam Things, 290 F.3d at 562; see also Williams, 84 F.3d at 589 (explaining that consideration of the works' total concept and feel is especially appropriate when comparing children's works, which are "often less complex than those aimed at an adult audience"); Cavalier, 297 F.3d at 824 ("[T]he general premise of a child, invited by a moon-type character, who takes a journey through the night sky and returns safely to bed to fall asleep . . . [is] not protected by copyright law."). As in Tanikumi, "[w]hile there are indeed certain similarities between the works, they concern prototypical settings, plots, and characters too indistinct to merit copyright protection." Tanikumi, 616 F. App'x at 521.

Id. at 394-95.

II.

Nicassio presents a large number of arguments in this appeal.[1] She specifically identifies six issues in his appellate brief, initially arguing that the District Court ignored

---

[1] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and we have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of a motion to dismiss. See, e.g., Tanksley v. Daniels, 902 F.3d 165, 171 (3d Cir. 2018), cert. denied, 2019 WL 659816 (U.S. Feb. 19, 2019).

the dictionary definition of "generic" and erroneously defined "generic plot" as any simple plot. She also challenges its holding that plot elements naturally flowing from a generic plot are unprotectable under the *scènes à faire* doctrine. The District Court also purportedly erred by excusing copying by considering material added by the accused infringer; failed to consider the sequence, settings, and dramatic significance of the copied parts "in assessing the plausibility of an improper taking from the viewpoint of a lay reader"; and "erred by not identifying either a *genre* for the original work or generic plot elements, as a first step to determine whether a particular element is a *scènes à faire*, and then compounding this error by failing to consider whether a lay observer might plausibly find the copying unfair." (Appellant's Brief at 2.) Finally, Nicassio contends that the District Court failed "to give a rationale defining the line between idea and expression, and [failed] to define that line." (Id.) In her reply brief, she asserts that Appellees use a chain of legal errors consisting of the following:

> . . . . 1) redefining the term "generic" to mean simple; 2) expanding the definition of *scènes à faire* to encompass any plot element which might be said to naturally follow from its simple formulation of the original plot; 3) ignoring the totality of the copying of the original children's novel [Rocky]; 4) focusing the court instead on irrelevant subject matter which it added to the copied parts of [Albert]; 5) avoiding any consideration of the dramatic equivalence of substituted plot elements; 6) ignoring the sequence of the parallel plot elements in both stories; 7) essentially ignoring the plausibility standard of FRCP 12; and 8) avoiding the inescapable question of fact respecting fairness without even advancing a position on whether reasonable persons might differ with the conclusion which it urges.

(Appellant's Reply Brief at 1.)

However, the District Court properly applied the governing Rule 12(b)(6) standards as well as the principles governing claims of copyright infringement. We agree

5

with the District Court that <u>Rocky</u> and <u>Albert</u> are not substantially similar as a matter of law.

It is undisputed that the "substantial similarity" requirement implicates a factual inquiry. Furthermore, the District Court appropriately recognized that the complaint must be viewed in the light most favorable to the plaintiff and that it must decide whether the well-pleaded factual allegations plausibly give rise to an entitlement to relief. <u>See, e.g.</u>, <u>Connelly v. Lane Constr. Corp.</u>, 809 F.3d 780, 787 (3d Cir. 2016); <u>Eid v. Thompson</u>, 740 F.3d 118, 122 (3d Cir. 2014). We recently upheld a Rule 12(b)(6) dismissal premised on the absence of substantial similarity. <u>See Tanksley</u>, 902 F.3d at 168-77. "[C]ourts have justified consideration of substantial similarity at the pleading stage by noting that 'no discovery or fact-finding is typically necessary.'" <u>Id.</u> at 172 (quoting <u>Peter F. Gaito</u>, 602 F.3d at 64). Instead, all that is needed is a visual comparison of the respective works. <u>See, e.g.</u>, <u>id.</u> "[W]here no reasonable juror could find substantial similarity, justice is best served by putting a 'swift end to meritless litigation.'" <u>Id.</u> (quoting <u>Hoehling v. Universal City Studies, Inc.</u>, 618 F.2d 972, 977 (2d Cir. 1980)).

We also find no reversible error in the District Court's understanding of unprotected plot concepts or ideas. As Appellees put it, "the crux of Nicassio's claim of actionable substantial similarity is that [they] copied Nicassio's story concept of 'a little tree dreaming of becoming the Rockefeller Center Christmas tree.'" (Appellees' Brief at 15 (quoting Appellant's Brief at 35).) In the opposition brief she filed with the District Court, Nicassio stated that "[Appellees'] repeated protest, that 'the generic plot idea of a little Christmas tree with dreams of being on display is not protectable' ([A61]), is not

6

contested." (A178 (footnote omitted).) While she proceeded to characterize this formulation as a paper tiger or a gross mischaracterization, she did so because "Defendants have gone on from such a limited taking to unabashedly copying a great number of other plot elements" (id.)—and not because she contested Appellees' understanding of generic plot ideas or their specific formulation of the generic plot at issue here. In any event, it is well established that copyright law does not protect ideas, whether they are described as generic, general, or basic in nature. See, e.g., Tanksley, 902 F.3d at 174-75 (stating that neither ideas nor plot elements that flow predictably from such general idea are protectable); Cavalier, 297 F.3d at 824, 828 (stating that themes of teaching children to have confidence, overcome fears, and try are too general to be protected and that basic plot ideas or premises—such as a child who is invited by moon-type character to take journey through night sky and returns safely to bed to fall asleep—also do not merit copyright protection).

Relying on Ninth Circuit case law, the District Court went on to explain that "*scenes a faire* applies not only to situations and incidents that necessarily flow from the basic plot premise, but also ones that *naturally* flow from it." Nicassio, 309 F. Supp. 3d at 388 (citing Cavalier, 297 F.3d at 823). As we stated in Tanksley, this doctrine excludes from copyright protection "plot elements that flow predictably from a general idea." Tanksley, 902 F.3d at 175; see also, e.g., Kay Berry, 421 F.3d at 208 (stating that elements that would be expected when two works express same idea or explore same theme are not protected).

7

Applying these basic principles of law, the District Court properly considered the storylines, similarities, and significant differences between Rocky and Albert. As Nicassio observes in her reply brief, concepts like *scènes à faire* and generic plots should not be permitted to obscure the basic gist of the "substantial similarity" inquiry:

> . . . . There is obvious tension between the imperative to filter out unprotectable elements of a work while keeping sight of the work's total concept and feel (which necessarily includes unprotectable elements). We reconcile these competing considerations by recalling that the basic inquiry remains whether an ordinary observer would perceive that the defendant has copied protected elements of the plaintiff's work. Other filters, e.g., *scènes à faire*, total concept and feel, etc., while helpful, are merely tools to assist the trier of fact in reaching a proper conclusion.

Tanksley, 902 F.3d at 175. Here, "an ordinary observer would [not] perceive that [Appellees have copied] protected elements of [Nicassio's] work." Id. For instance, Albert clearly explores themes not present in Rocky, such as the importance of family, empathy, and forgiving others—and does so by using plot twists that are completely missing from Rocky:

> In this regard, although Rocky and Albert each contain instances of verbal bullying, Albert overcomes additional obstacles to achieve his goal, mainly escaping from the violent bully Cactus Pete twice, evading a pack of hungry vegetarian bunnies, and suffering defeat when Big Betty is selected as the Empire City Christmas tree. Only after soldiering on to Empire City to stop Cactus Pete from ruining Christmas does Albert become the most famous Christmas tree in the world. In fact, the way Albert achieves this fame—being placed on top of Betty, an 80-foot evergreen with a severed top—stands in stark contrast to how Rocky is merely selected as the contest winner. Also, unlike Rocky, once Albert reaches his goal, he realizes that family is more important than being the most famous Christmas tree in the world. He then discovers that Pete was only trying to ruin Christmas because he was lonely, so he trades places with Pete and returns home to spend the holiday with his family at the plant nursery. Hence, it is more than clear that the protectable aspects of the works' plots, themes, and sequences are not substantially similar. See

> Tanikumi, 616 F. App'x at 520-21; see also Winstead v. Jackson, [509 F. App'x 139, 143 (3d Cir. 2013)] (affirming the district court's dismissal of a copyright infringement claim where the similarities in the works' themes and settings were "not unique" to that particular genre).

Nicassio, 309 F. Supp. 3d at 394.  Although a defendant cannot immunize itself against liability for infringement by adding new elements on top of those copied, these differences show that Albert has not infringed Rocky's overall "concept and feel." Similarly, although some of the characters may share certain aspects in common, there are also obvious differences, e.g., Rocky is initially a small tree who doubles in size while Albert remains a small tree throughout the story; Rocky's only friend is the forest fairy named Mary Louise while Albert's friends (who accompany him on his adventures) include a child named Molly, Maisie (a palm tree), and Gene (a stink–breath weed); and while the bullying spruce tree is Rocky's competitor in the contest, Cactus Pete was a more complex character ultimately driven by a feeling of loneliness and exclusion. Given these circumstances, "the works' 'total concept and overall feel . . . as instructed by good eyes and common sense' would not lead a lay observer to conclude that [Appellees'] alleged copying, if proven, was of protectable aspects of Rocky." Id. at 395 (quoting Peter F. Gaito, 602 F.3d at 66).

## III.

For the foregoing reasons, we will affirm the order of the District Court.